```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
ADMINISTRATIVE COMMITTEE OF               :
THE DILLARD'S, INC. GROUP HEALTH,:
DENTAL, AND VISION PLAN,                  :
                                          :   CASE NO. 1:14-CV-01165
          Plaintiff,                      :
                                          :
v.                                        :   ORDER
                                          :   [Resolving Docs. 9, 12, 13, 14, 25, 32]
MAY SARROUGH, et al.,                     :
                                          :
          Defendants.                     :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff the Administrative Committee of the Dillard's, Inc. Group Health, Dental, and Vision Plan ("Dillard's) seeks a constructive trust and equitable lien over settlement proceeds that Defendants control.[1]

**I. Background**

Dillards provided an ERISA benefit plan to decedent Hanan Saah. After Saah was injured in a car accident in February 2011, Dillards paid for $260,370.63 of Saah's medical expenses. Saah passed away in July 2011. Since that time, May Sarrough, the administrator of Saah's estate, and the law firm of Bashein & Bashein have won settlements related to the February 2011 car accident. Dillard's asserts a claim to these settlement proceeds to recoup the medical costs it incurred between February and July 2011.[2]

---

[1] Doc. 1.
[2] Id. at 2-7.

Case No. 1:14-CV-01165
Gwin, J.

Saah's estate remains open in Cuyahoga County Probate Court.[3] Dillard's moved to intervene in that matter on May 20, 2014.[4] Dillard's filed a complaint in this Court on May 30, 2014.

The primary issue in the probate proceeding is the allocation of settlement funds. Dillard's argues the funds should be allocated to a survivorship claim as damages for the decedent's pain and suffering. Defendants argue that the settlement funds should be allocated entirely as wrongful death claims, with the estate recovering the entirety and Dillard's recovering none.

On November 6, 2014, a Magistrate Judge issued a report and recommendation that the settlement proceeds be entirely allocated to the decedent's estate. Dillard's has filed voluminous objections to that report, and the matter remains pending before the Probate Court. No final ruling as to the allocation of settlement proceeds has been made.

## II. Analysis

Numerous factors counsel in favor of resolving this matter in Probate Court. Dillard's intervened in the Probate Court matter before filing its complaint in this Court. Questions of state law predominate in deciding how to allocate the settlement. The Probate Court has a greater interest and expertise in resolving the matter, and has invested considerable time and resources in directing the matter to final judgment.[5]

Finally, the Probate Court's judgment as to the allocation of the settlement funds would

---

[3] *The Estate of Hanan Saah*, 2011-EST-173562. Docket available at http://probate.cuyahogacounty.us.
[4] Doc. 9-5.
[5] "Considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts. As the [Supreme] Court explained, the principles underlying this doctrine rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (internal quotation marks omitted).

Case No. 1:14-CV-01165
Gwin, J.

constitute res judicata in this matter.[6] Dillard's claim for a constructive trust requires demonstrating that Dillard's is entitled to the settlement funds in the first place. The question of who is entitled to the funds will, and indeed should be, resolved in Probate Court.

While principles of comity and efficient use of judicial resources counsel in favor of waiting for the state court to resolve the matter, the Court must nonetheless address several motions which have been pending for some time in this case.

Defendants have moved for judgment on the pleadings.[7] In light of the foregoing discussion, the Court **DENIES** Defendants' motion, but without prejudice to refiling later. Dillard's motion to stay the Defendants' motion for judgment on the pleadings and to convert it to a motion for summary judgment,[8] along with Dillard's motions to strike part of the motion for judgment on the pleadings,[9] are therefore **DENIED** as moot. Dillard's motion for a pretrial conference, and to compel Defendants' attendance at a Rule 26(f) discovery conference[10] is **DENIED**. The Court sees no need to schedule conferences or hearings in this matter.

Finally, Dillard's motion to file a second amended complaint[11] is **GRANTED**. Dillard's seeks to add another attorney as a named party possessing funds to which Dillard's asserts a claim.

---

[6] "Federal courts are required to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 460 (6th Cir. 2013) (citing *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518 (1986)).
[7] Doc. 9.
[8] Doc. 12.
[9] Doc. 25, Doc 32.
[10] Doc. 14.
[11] Doc. 13.

Case No. 1:14-CV-01165
Gwin, J.

The complaint may be refiled for this limited purpose.

      IT IS SO ORDERED.


Dated: March 18, 2015                                    s/       *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE