UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
ADMINISTRATIVE COMMITTEE OF      :
THE DILLARD'S, INC. GROUP HEALTH,:
DENTAL, AND VISION PLAN,              :
                                                    :       CASE NO. 1:14-CV-01165
                   Plaintiff,              :
                                                    :
v.                                            :       OPINION & ORDER
                                                    :       [Resolving Docs. 1, 45, 46]
MAY SARROUGH, *et al.*,            :
                                                    :
                   Defendants.             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     Plaintiff the Administrative Committee of the Dillard's, Inc. Group Health, Dental, and

Vision Plan ("Dillard's") seeks a constructive trust and equitable lien over a wrongful death

settlement awarded to Defendants May Sarrough (as Administrator of the Estate of Hanan Saah), the

Law Offices of Bashein & Bashein Co. LPA, and Paul W. Flowers Co., L.P.A.[1]

     Pursuant to the Court's April 15, 2015, scheduling order,[2] the parties have filed cross

motions for summary judgment.[3] For the following reasons, the Court **GRANTS** the Defendants'

motion for summary judgment and **DENIES** Dillard's summary judgment motion.

**I. Background**

     Dillard's provided an ERISA benefit plan to decedent Hanan Saah. After Saah was injured

in a February 2011 car accident, Dillard's paid for $260,370.63 of Saah's medical expenses. Saah

---

[1] Doc. 1.
[2] Doc. 40.
[3] Docs. 45, 46.

Case No.  1:14-CV-01165
Gwin, J.

died in July 2011. Since then, the Defendants have won $300,000 in wrongful death settlements associated with Hanan Saah's death.  Dillard's makes a claim to these settlement proceeds to recoup the medical costs it incurred between February 2011 and July 2011.[4]

In general, Defendants say all settlements were paid for wrongful death damages and were not settlements for survivorship claims.  Defendants say the settlements were paid to next-of-kin and none were paid for damages (including medical bills) incurred by Decedent Saah.

Saah's estate was opened in Cuyahoga County Probate Court in November, 2011.[5] Dillard's moved to intervene in Saah's estate proceedings on May 20, 2014.[6] In addition, Dillard's filed a complaint in this Court on May 30, 2014 seeking a constructive trust and equitable lien over the settlement proceeds.[7]

On April 10, 2015, the Probate Court ordered that the entire $300,000 settlement should be allocated to a wrongful death claim.[8] Forty percent of the settlement was for attorneys' fees, with the remainder split equally between Saah's four children. None went to Dillard's.

Dillard's argued to the Probate Court that some of the settlement should be allocated to the decedent's pain and suffering instead of the wrongful death damages sustained by Saah's survivors. According to Dillard's, this would allow it to recoup some of the medical expenses it paid before decedent's death.

The Probate Court found that Dillard's "has been unable to provide any new or credible

---

[4] Doc. 1 at 2-7.

[5] See Application for Authority to Administer Estate, *The Estate of Hanan Saah*, No. 2011-EST-173562 (Cuyahoga County Prob. Ct. Nov. 9, 2011). Docket available at http://probate.cuyahogacounty.us/.

[6] Doc. 9-5.

[7] Doc. 1.

[8] Judgment Entry, *The Estate of Hanan Saah*, No. 2011-EST-173562 (Cuyahoga County Prob. Ct. April 10, 2011).

Case No.  1:14-CV-01165
Gwin, J.

evidence in support of conscious pain and suffering" that could justify allocating the funds to such a cause of action.[9]

Dillard's filed objections to a Magistrate Judge's report and recommendation, and made argument at a hearing before the Probate Court. In its final order, the Probate Court concluded "upon review of the file in its entirety, that [Dillard's] objections are not well-taken and should be overruled."[10] The Probate Court found "that the entirety of the settlement proceeds should be attributed to the wrongful death action, leaving *no possibility* of proceeds passing through Decedent's estate."[11]

## II. Analysis

Dillard's asks the Court to wade into a dispute that was extensively litigated and then resolved in Cuyahoga County Probate Court. The parties' briefing is of little use as it rehashes the same substantive arguments made before the Probate Court, instead of addressing whether the Probate Court's decision should be given preclusive effect. In short, Dillard's asks the Court to give it settlement proceeds that the Probate Court has already allocated to other parties. The sound reasoning of the Probate Court and res judicata compel the Court to deny this request.

"Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered."[12] "[I]f an individual is precluded from litigating a suit in a state court by the traditional principles of res judicata, he is similarly precluded

---

[9] *Id.*

[10] *Id.*

[11] *Id.* (emphasis added).

[12] *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997) (internal quotation marks omitted).

-3-

Case No.  1:14-CV-01165
Gwin, J.

from litigating the suit in federal court."[13]

Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[14] The four elements of res judicata are: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject of the previous action."[15]

The elements of res judicata are met here. The Probate Court issued a valid, final decision on the merits regarding the allocation of settlement funds. The parties in this case are the same as those in the probate proceedings. Finally, the claims in this action were litigated in Probate Court.

Dillard's, in opposing summary judgment, makes a convoluted argument that ERISA preemption requires the Court to ignore the Probate Court's decision. This argument misses the mark. The Probate Court found that the entire settlement amount was for wrongful death. In Ohio, wrongful death is "an independent cause of action" that "does not even arise until the death of the injured person."[16] The administrator of Saah's estate brought the wrongful death action in her name because she was "the personal representative of the decedent," but the cause of action exists "for the exclusive benefit" of the decedent's heirs.[17]

---

[13] *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir.1987) (footnote omitted).

[14] *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995).

[15] *Portage Cnty. Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006) (internal quotation marks omitted).

[16] *Thompson v. Wing*, 637 N.E.2d 917, 923 (Ohio 1994).

[17] Ohio Rev. Code § 2125.02(A)(1).

Case No.  1:14-CV-01165
Gwin, J.

Dillard's wants to claim funds that were never part of the decedent's estate in the first place. But the ERISA plan only entitles Dillard's to "recoveries and funds paid by a Third Party *to* a Covered Person relative to the injury or sickness . . . ."[18] After vigorous participation from Dillard's, the Probate Court reviewed the facts and concluded that the settlement was a recovery paid to the decedent's children, not to the decedent herself. The plain terms of the plan place such a recovery outside of Dillard's reach.

The Court will not re-litigate this matter because a state court did not find the facts to be in Dillard's favor.

### III. Conclusion

For the reasons above, the Court **GRANTS** Defendants' motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

IT IS SO ORDERED.

Dated: June 1, 2015                                              s/          *James S. Gwin*
                                                                                 JAMES S. GWIN
                                                                                 UNITED STATES DISTRICT JUDGE

---

[18]/Doc. 46 at 3 (emphasis added).

-5-